# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| KEVIN BRADT | § | |
| | § | |
| V. | § | A-16-CV-805-LY |
| | § | |
| ADRIAN CORRIETTE et al. | § | |

## ORDER

Before the Court are Kevin Bradt's Motion to Compel Discovery Answers and Responses from Judgment Debtors and for Costs Incurred (Dkt. No. 25); Adrian Corriette and Wallerand Holdings, LLC's Response (Dkt. No. 26); and Amended Response (Dkt. No. 29). The District Court referred the discovery dispute to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

### I. Background

This case was removed from state court by Defendants. Several months later, the parties notified the Court they had settled the case, (Dkt. No. 18), and on February 2, 2017, they jointly sought entry of an Agreed Judgment (Dkt. No. 22). On February 3, 2017, the District Judge signed the Agreed Judgment and filed it in this case. Dkt. No. 23. Among other things, the judgment ordered Defendants to pay Plaintiff $118,000.00 along with post-judgment interest. *Id.*

Several months later, Bradt propounded post-judgment discovery on Defendants. Defendants responded through the same counsel who had represented them prior to the settlement. Bradt felt that several of the responses and objections were incomplete or improper, and, through the motion now before the Court, moved to compel more complete answers. On the date a response was due, Defendant's counsel filed a motion to withdraw, and a response to the motion to compel. The motion to withdraw stated that the Defendants had "failed to communicate with their lead attorney

. . . concerning critical matters and have failed to submit payment for legal services previously rendered." Dkt. No. 24 at 1. In the terse response, counsel stated that she had forwarded the motion to compel to her clients and had not received directions about how to respond, and thus requested that the Court permit the Defendants additional time to respond, either pro se or with new counsel. The Court thereafter denied counsel leave to withdraw, because "efficiency dictates that counsel defend th[e] objections [she made] and respond to the motion to compel prior to withdrawal." Dkt. No. 28. The Court thus ordered Defendants to file a substantive response to the motion to compel, which they have timely done.

## II. Analysis

Rule 69(a)(2) permits a judgment creditor to obtain discovery from any person, including the judgment debtor, to identify assets upon which execution may be made. FED. R. CIV. P. 69(a)(2). The scope of post-judgment discovery is "very broad." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995).

> The purpose of discovery under Rule 69(a)(2) is to allow the judgment creditor to identify assets from which the judgment may be satisfied and consequently, the judgment creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor.

13 JAMES WM. MOORE ET AL., MOORE'S FED. PRAC. CIV. § 69.04 (2008). Rule 37(a) governs motions to compel discovery responses. A party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

Bradt's motion to compel is directed to interrogatories and requests for production propounded on both Defendants. The 92 interrogatories were directed only to Corriette, and many of them were aimed at identifying assets of Corriette's spouse and family. Corriette partially

answered the interrogatories and lodged objections to the remainder. Bradt also propounded 30 requests for production on each Defendant. Neither Defendant responded to the document requests. In the response, Defendants object to discovery seeking information about Corriette's spouse's assets. They argue that the information is irrelevant because Corriette and his spouse reside in New York, and New York is not a community property state, so Corriette's spouse's property is not subject to execution. They argue that the discovery should be limited to Adrian Corriette's or Wallerand's property, and, at least as to Corriette's assets, that information was provided in the interrogatory answers. Additionally, Defendants assert that they intend to pay the judgment in full by December 15, 2017, at which time the Motion to Compel would be moot.[1]

To the extent that the interrogatories inquire into Corriette's wife's assets, the Court will sustain the Defendants' objections, as the Court agrees that such information is not relevant to collecting the judgment. With regard to the Requests for Production, because the Defendants have offered no explanation for their failure to respond, and failed to object to any of the requests, the Defendants are obligated to provide responsive documents. By not timely responding or objecting, they waived any objections they might have had. The Court will therefore grant the motion to compel as to the requests for production. But the Court will stay the effectiveness of this latter order until December 15, 2017, the date by which Defendants have stated they will pay the judgment. In other words, by December 15, 2017, Defendants must either pay the judgment or produce responsive documents.

---

[1] As of this date, the Court has not been notified of any payment, and therefore assumes that the judgment has not yet been satisfied.

Bradt also seeks an award of fees and expenses incurred in bringing this motion. Rule 37 states that if a court grants a motion to compel, it must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion unless the position advanced by the other party was "substantially justified" or "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A) & (B). The Court finds that, because Defendants' position on the interrogatories was substantially justified, and because they have represented to the Court that they intend to pay the judgment within ninety (90) days, an award of expenses at this time is unwarranted.

### III. Conclusion

For the reasons stated above, **IT IS ORDERED** that the Motion to Compel Discovery Answers and Responses from Judgment Debtors and for Costs Incurred (Dkt. No. 25) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **DENIED** as to the interrogatories, and **GRANTED** as to the requests for production. Adrian Corriette and Wallerand Holdings, LLC, are **ORDERED** to respond to the Requests for Production by December 15, 2017, unless the judgment in this case is paid in full prior to that date. Defendants are **WARNED** that the failure to timely respond will likely result in the imposition of any costs incurred by Plaintiff in seeking additional relief from the Court.

SIGNED this 28th day of November, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE