# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| KEVIN BRADT | § | |
| | § | |
| V. | § | A-16-CV-805-LY |
| | § | |
| ADRIAN CORRIETTE and | § | |
| WALLERAND HOLDINGS, LLC | § | |

## ORDER

Before the Court are is Kevin Bradt's Motion for Civil Contempt, for Discovery Sanctions Against Judgment Debtors, and for Costs Incurred (Dkt. No. 31); as well as the response (Dkt. No. 33); and reply (Dkt. No. 34). The District Court referred the discovery dispute to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules. The Court held a hearing on the motion, attended by the parties, on April 17, 2018.

## I. Background

This case was removed from state court by Defendants. Several months later, the parties notified the Court they had settled the case, (Dkt. No. 18), and on February 2, 2017, they jointly sought entry of an Agreed Judgment (Dkt. No. 22). On February 3, 2017, the District Judge signed and filed the Agreed Judgment (Dkt. No. 23). Among other things, the judgment awarded Bradt $118,000.00 with post-judgment interest against the Defendants. *Id.* Several months later, Bradt propounded post-judgment discovery on Defendants. Bradt felt that several of the responses and objections were incomplete or improper, and, moved to compel more complete answers. On the date a response was due, Defendant's counsel filed a motion to withdraw, and filed a response to the motion to compel. The motion to withdraw stated that the Defendants had "failed to communicate

with their lead attorney . . . concerning critical matters and have failed to submit payment for legal services previously rendered." (Dkt. No. 24 at 1). The Court thereafter denied counsel leave to withdraw, because "efficiency dictates that counsel defend th[e] objections [she made] and respond to the motion to compel prior to withdrawal." (Dkt. No. 28). The Court thus ordered Defendants to file a substantive response to the motion to compel, which they did. (Dkt. No. 29).

The Court granted the motion to compel in large part, and ordered Adrian Corriette and Wallerand Holdings, LLC "to respond to the Requests for Production by December 15, 2017, unless the judgment in this case is paid in full prior to that date. Defendants are **WARNED** that the failure to timely respond will likely result in the imposition of any costs incurred by Plaintiff in seeking additional relief from the Court." (Dkt. No. 30). Bradt asserts that despite the Court's Order, Defendants failed to adequately respond to his Requests for Production in accordance with the Court's Order (the judgment remains unsatisfied). Thus, Bradt requests that the Court hold Defendants in civil contempt, and impose monetary sanctions, attorney's fees, and civil penalties payable to Bradt for each day that Defendants are not in compliance with the Court's prior Order. Defendants assert that they have produced all of the responsive documents they have and if they locate any more documents those will be produced as well. In his Reply, Bradt disputes the completeness of the Defendant's production of records, and includes six and a half pages of RFP's he contends Defendants have failed to answer.

At the hearing, attended by Corriette at the Court's Order, Corriette testified under oath and was cross examined about his responses to the Requests for Production regarding his assets. His attorney, Tracy Willi, went through the discovery requests listed in Defendants' Reply, and through his testimony Corriette agreed to produce various documents to Defendants as follows:

2

1) Corriette testified he would produce bank statements from January 1, 2015 to the present for the following bank accounts: Capital One accounts ending in 381; E-trade account; Merrill Lynch account ending in 9071; Fidelity Investments account; Chest Investments brokerage account; and TD Bank.

2) Corriette testified he had an interest in an entity called Noble House but in 2010 he pledged his interest as collateral for a loan and then defaulted on the loan and thus he no longer owns an interest in Noble House. He testified he will produce point of contact information for Noble House, as well as documents demonstrating the transfer of his interest.

3) Corriette testified that he held a beneficial interest in a family trust, but then pledged his interest in the trust as collateral for a loan, and defaulted on the loan and lost that interest. He testified that he will produce records documenting this.

4) Corriette testified he would produce the lease documents for his current residence.

Regarding the remainder of the Requests for Production, Corriette testified under oath that, other than the items he identified in is testimony, he and Wallerand had no other responsive documents. He also agreed to pay Bradt $1,7700.00 for the attorney's fees he has incurred to obtain responses to Bradt's discovery requests.

## II. Analysis

Rule 37(b)(2)(A) provides "[i]f a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A). A district court has broad discretion to determine an appropriate sanction under Rule 37(b), *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990), which may include an order directing that certain designated facts be taken as true, prohibiting the disobedient party from supporting or opposing designated claims or defenses, striking pleadings in whole or in part, dismissing the action in whole or in part, rendering a default judgment against the disobedient party,

or treating the failure to obey the order as contempt of court. *See* FED. R. CIV. P. 37(b)(2)(A)(1). In this case, because the case is closed, Bradt asks the Court to hold Defendants in contempt of court, for monetary sanctions, and for attorney's fees.

Rule 37(b)(2)(C) further requires that, "[i]nstead of or in addition to the orders [described under Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Thus, Rule 37(b)(2) gives courts the authority to impose sanctions for failing to obey discovery orders, and, in addition to a broad range of sanctions, including contempt, the rule authorizes the imposition of "a concurrent sanction of reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (internal quotation marks omitted); *see also Chilcutt v. United States*, 4 F.3d 1313, 1322 n.23 (5th Cir. 1993) ("Rule 37(b) clearly indicates that district courts have authority to grant a broad spectrum of sanctions.").

Corriette failed to produce responsive discovery, and is therefore properly subject to discovery sanctions. The Court orders Corriette to produce the documents listed above on or before May 18, 2018. A failure by Corriette to produce the documents listed above on or before May 18, 2018, will result in the Court implementing sanctions against him at a rate of $100.00 per day until such discovery is produced. The Court will also direct that Corriette serve on Bradt an amended response to the requests for production, that indicates specifically by category whether he has any such documents, and if so, whether they have been produced. The Court notes that Corriette is still

subject to a finding of contempt of court for failure to comply with this Court's orders. Lastly, the Court finds that Bradt is properly awarded $1,770.00 in attorney's fees.

### III. Conclusion

It is THEREFORE ORDERED that Judgment Creditor Kevin Bradt's Motion for Civil Contempt, for Discovery Sanctions Against Judgment Debtors, and for Costs Incurred (Dkt. No. 31) is GRANTED IN PART and Corriette is ORDERED to PRODUCE the documents outlined in this Order on or before May 18, 2018. IT IS FURTHER ORDERED that on or before Mary 18, 2018, Corriette, on behalf of himself and Wallerand, serve on Bradt amended responses to the requests for production, indicating specifically by category whether he has any such documents, and if so, whether they have been produced. IT IS FURTHER ORDERED that, upon a proper showing by Bradt, a failure by Corriette to produce the documents listed above on or before May 18, 2018, will result in the Court implementing sanctions against him at a rate of $100.00 per day until such discovery is produced. Finally, IT IS ORDERED that Corriette pay Bradt $1,770.00 in costs and attorneys fees. Corriette is WARNED that a failure to comply with this Order may result in him being held in contempt of court. Any relief requested that has not been expressly granted in this Order is DENIED.

SIGNED this 18th day of April, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE